AUTO OWNERS INSURANCE COMPANY *v.* ZELLER.

Insurance—Coverage of Additional Automobiles.
> Car involved in accident causing injuries for which plaintiff recovered judgment against principal defendant *held,* covered by *additional automobile* clause of policy on another car insured with garnishee defendant where accident occurred less than 30 days after car involved in accident had been acquired and policy provided for coverage of additional automobile acquired by the insured if notice be given insurer within 30 days of delivery, although car traded in for the additional car had not been insured with the garnishee defendant (CLS 1956, § 500-.3006).

Appeal from Ottawa; Smith (Raymond L.), J. Submitted June 6, 1963. (Calendar No. 28, Docket No. 50,105.) Decided July 17, 1963.

Case by Auto Owners Insurance Company and Edward Bochenek against Kenneth Zeller, with subsequent garnishment proceedings against Detroit Automobile Inter-Insurance Exchange. From a judgment against it, garnishee defendant appeals. Affirmed.

*Scholten & Fant* (*Harvey L. Scholten,* of counsel), for plaintiffs.

*Engle & Engel* (*Albert J. Engel, Jr.,* of counsel), for garnishee defendant.

References for Points in Headnote

7 Am Jur 2d, Automobile Insurance §§ 100–102.
Construction and application of automatic insurance clause or substitution provision of automobile liability or indemnity policy. 34 ALR2d 936.

PER CURIAM. June 23, 1959, the garnishee as insurer issued to the principal defendant and his wife, as co-owners, its standard policy insuring their Mercury automobile. The policy provided extended liability coverage for an "additional automobile," defining such "additional automobile":

"(g) 'additional automobile' means an additional automobile, ownership of which is acquired by the named insured who is the owner of the described automobile, *provided the Exchange insures all automobiles of such named insured on the date ownership is acquired* and provided notice is given the Exchange within 30 days of the date of its delivery to the named insured and such named insured agrees to pay any premium or adjustment of premium applicable with respect to such automobile";

July 5, 1959, the principal defendant was involved in an automotive collision with plaintiff Bochenek's automobile. The principal defendant was operating at the time, as sole owner, a 1949 Plymouth. Subsequently plaintiff and his insurance carrier sued the principal defendant in the Ottawa circuit, for negligence causal of such collision, and recovered judgment against the principal defendant in the sum of $1,380.75.

The question, whether the coverage extended to the 1949 Plymouth as an "additional automobile," arose upon issuance of garnishment under the statute (CLS 1956, § 500.3006 [Stat Ann 1957 Rev § 24.13006]). The issue was tried to the court upon a stipulated statement of facts. The circuit judge ruled that the 1949 Plymouth was an "additional automobile" and that the principal defendant was therefore entitled to the protection of such extended coverage. Judgment thereupon entered for plaintiffs against the garnishee-insurer. The issue is here on appeal taken by the latter.

The garnishee relies upon the underscored proviso. It claims in the light of presently considered facts that the principal defendant did not "on the date" of acquisition of the 1949 Plymouth have "all automobiles of such named insured" covered by "the exchange." It is agreed, of course, that the policy as to the Mercury remained in full effect until the date of the mentioned collision.

The heart of the garnishee's argument depends upon the fact of record ownership, by the principal defendant's wife, of a 1952 Plymouth.* It is conceded that the insurer was given no notice, within above clause (g), of the fact of such ownership. By the same token, neither was any agreement made by the principal defendant, nor his wife, nor both, "to pay any premium or adjustment of premium applicable with respect to such [1952 Plymouth] automobile." Counsel for the garnishee proceed:

"Here, at the time the principal defendant and his wife insured their 1955 Mercury on June 23, 1959, they also owned a 1952 Plymouth, purchased by the husband with his funds but registered in the wife's name. No additional premium was ever paid on this automobile, nor was notice of its existence ever given to the insurer. With certainty more than 30 days had passed between the date of its acquisition and the date of the accident involving its replacement, and probably more than 30 days had passed before either the date of the trade or the date of issuance of the policy itself";

and then sum up their position by saying that "basically the Zellers were at all times a 2-car family."

We are unable to follow such argument. Neither was the trial judge. The controlling fact is that, whatever the insured or uninsured status of the 1952 Plymouth prior to the time it was traded in

* June 27, 1961 was the date of trade-in, of the 1952 Plymouth, for the 1949 Plymouth.

for the 1949 Plymouth, the principal defendant did not—and could not under any interpretation of the stipulation—own both at the same time. The instant title to the 1952 car passed to the dealer, title to the 1949 car passed to the principal defendant. He thereupon acquired "ownership" of the 1949 car within the purposes of clause (g) and automatically received—at least during the then commencing 30-day period—the extended coverage such clause provided for an "additional automobile." That additional automobile was the one he drove negligently to plaintiffs' damage.

Affirmed. Costs to plaintiffs.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, SMITH, and O'HARA, JJ., concurred.